# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN CROSS, <br><br> Petitioner, <br><br> v. <br><br> PATRICK NOGAN, et al., <br><br> Respondent. | Civil Action No. 17-10430 (RBK) <br><br><br> **OPINION AND ORDER** |

Before the Court is Petitioner's motion seeking a stay and abeyance of this matter while he exhausts a claim in state court. Respondents did not file an opposition. To merit a stay, Petitioner must establish: (1) that he has good cause for his failure to raise the additional claim before; (2) that the additional claim has factual and legal merit; and (3) that he is not engaging in intentional dilatory litigation tactics. *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005).

With those principles in mind, Petitioner seeks to exhaust a claim under *State v. Zuber*, 227 A.3d 197 (2017), which addressed the Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012) and *Montgomery v. Louisiana*, 136 S. Ct. 718, 734 (2016)(holding that *Miller* applies retroactively). In *Miller*, the United States Supreme Court held "that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders," and that a sentencing court must "take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Miller*, 567 U.S. at 479–80.

Thereafter, in *Zuber*, the Supreme Court of New Jersey held that the state courts of New Jersey must consider the *Miller* factors before imposing "sentences that are the practical equivalent of life without parole" or "consecutive terms that would result in a lengthy over all term of imprisonment for a juvenile." *Zuber*, 152 A.3d at 201–02, 212.

Although Petitioner offers no arguments under the first *Rhines* prong, the Court assumes that Petitioner may be able to show good cause for his failure to raise a *Zuber* claim, as the New Jersey Supreme Court decided that case in 2017, well after Petitioner's first petition for post-conviction relief. With regard to the third prong, Petitioner again fails to argue this point, but there is no indication that Petitioner is attempting to use this motion as a method of delay and the Court perceives of no way in which a delay would benefit Petitioner.

Turning then to the merits, Petitioner fails to articulate how or why his *Zuber* claim would be meritorious. Petitioner satisfies the age requirement, since he was a juvenile at the time of the offense in 2001. At the time of sentencing in 2008, however, Petitioner was approximately twenty-three years old, and received a sentence of twenty-eight years, with an 85% parole disqualifier. While not a short sentence, Petitioner's maximum release date appears to be in January of 2030,[1] rendering him forty-five at the conclusion of his sentence. The Court fails to perceive how such a sentence would be "the practical equivalent of life without parole." *See Zuber*, 152 A.3d at 201–02 (addressing a sentence of 110 years with 55 years of parole ineligibility and a sentence of 75 years with 68 years of parole ineligibility, rendering those defendants 72 years old and 85 years old, respectively, at the time of their earliest possible release date).

More critically, however, "*Zuber* is a matter of state, not federal, law . . . [and consequently,] it creates no basis for granting federal habeas relief." *Bacon-Vaughters v. Johnson*, No. 18-9034, 2019 WL 2646579, at *2 (D.N.J. June 27, 2019) (citing *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law." (internal quotation marks omitted)). Nor would the claim have any merit as an

---

[1] The Court takes judicial notice of Petitioner's release date information from the publicly accessible New Jersey Department of Corrections Inmate Search Engine.

2

ordinary *Miller* claim, as Petitioner did not receive a sentence of "life in prison without possibility of parole." *Id*.

Consequently, because Petitioner is seeking to exhaust a claim in state court which offers "no basis for federal habeas relief, no reason exists to grant a protective stay." *Id*. at *3. Accordingly, the Court will deny the motion for a stay and abeyance and provide Petitioner with forty-five days to file a reply to Respondent's Answer.

THEREFORE, it is on this   9th   day of October, 2019;

**ORDERED** that Petitioner's motion for a stay and abeyance (ECF Nos. 9, 11) is DENIED; and it is further

**ORDERED** that Petitioner's motion for an extension of time to file a reply (ECF No. 8) is GRANTED, Petitioner shall have forty-five (45) days from the date of this Order to file his reply; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Opinion and Order upon Petitioner by regular U.S. mail.

 s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge